566 F.2d 373
 Fed. Sec. L. Rep. P 96,172
CONTINENTAL STOCK TRANSFER AND TRUST COMPANY (A Limited
Purpose Trust Company) and General Stock Transfer
Company, Petitioners,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 956, Docket 77-4034.
 United States Court of Appeals,
Second Circuit.
 Argued March 21, 1977.
Decided March 21, 1977.
Opinion Filed Sept. 21, 1977.
 
 Jesse R. Meer, New York City (Marc B. Lasky, and Berlack, Israels & Liberman, New York City, on the brief), for petitioners.
 Paul Gonson, Associate Gen. Counsel, SEC, Washington, D. C. (Harvey L. Pitt, Gen. Counsel, Kathryn B. McGrath, Asst. Gen. Counsel, Vernon I. Zvoleff, Atty., and Philip N. Lee, Atty., SEC, Washington, D. C., on the brief), for respondent.
 Before TIMBERS and MESKILL, Circuit Judges, and MOTLEY, District Judge.*
 PER CURIAM:
 
 
 1
 We decided this case from the bench immediately after the oral arguments, in accordance with our established practice in an appropriate case. We denied the petition to review and affirmed the order of the Securities and Exchange Commission, and briefly stated the reasons for our decision.
 
 
 2
 Thereafter the Commission requested that we release for publication our oral decision, in view of the importance of the issue and the desirability of being able to cite the decision as precedent.[1] We grant the Commission's request and set forth here the substance of our oral decision from the bench:
 
 
 3
 We have carefully considered this case in accordance with our practice to which I referred this morning. We are going to act on it from the bench. We deny from the bench the petition to review and we affirm the order of the Commission.
 
 
 4
 The SEC order here involved is that entered December 17, 1976 denying confidential treatment of certain information submitted in connection with petitioners' application for registration as transfer agents. The essential question in our view is whether the fourth exception provided for in the Freedom of Information Act, 5 U.S.C. § 552(b)(4) (1970), protects petitioners' "issuer lists", the parallel SEC regulation being 17 C.F.R. § 200.80(b)(4) (1976). That provision of the statute just referred to excludes from disclosure "trade secrets and commercial (I emphasize "commercial") or financial information obtained from a person and privileged or confidential (I emphasize "confidential"). That issuer lists such as those here involved might be covered by the statute is conceded by the SEC. This is commercial information within the meaning of the statute. The critical question, therefore, is whether it is confidential within the meaning of the statute.
 
 
 5
 The District of Columbia Circuit, whose opinions construing the Freedom of Information Act are entitled to appropriate weight, has formulated a two-pronged test to determine whether information is confidential within the meaning of § 552(b)(4). The information to be confidential must have the effect either (1) of impairing the government's ability to obtain information necessary information in the future, or (2) of causing substantial harm to the competitive position of the person from whom the information was obtained. The citation is Charles River Park "A", Inc. v. Department of Housing and Urban Development, 519 F.2d 935 (D.C. Cir. 1975), the opinion, coincidentally, having been written by Judge Lumbard of our Court, sitting by designation. See also National Parks and Conservation Association v. Morton, 498 F.2d 765 (D.C. Cir. 1974).
 
 
 6
 Applying here the test formulated in Charles River Park, consideration (1) referred to, impairing the government's ability to obtain the necessary information in the future clearly is inapplicable; but with respect to consideration (2), causing substantial harm to the competitive position of the person from whom the information was obtained, there is one simple fact which we find to be persuasive, namely, almost all of the information on petitioners' lists already is available to the public. Ninety-five per cent of the listings can be found in the Financial Stock Guide Service Directory of Active Stocks. Most of the remaining listings can be obtained from the CCH Stock Transfer Guide Directory or from Moody's OTC Industrial Manual. In view of such easy availability, the so-called new disclosures hardly can cause any substantial harm within the above formulation. In short, we hold that the § 552(b)(4) exception is inapplicable under the Charles River Park test which we adopt. No cognizable harm, much less any substantial harm, can result from the disclosure of this particular public information in a different form.
 
 
 7
 We also hold that neither the Commission's demand for the information nor its disclosure of the information constitute an abuse of discretion.
 
 
 8
 In view of the conclusions we have reached which we find to be dispositive of this petition to review, we believe that it is neither necessary nor appropriate to rule on the other claims presented.
 
 
 9
 That is our decision and those are the reasons among others for our decision. Thank you very much.
 
 
 10
 Petition denied; order affirmed.
 
 
 
 *
 Hon. Constance Baker Motley, United States District Court, Southern District of New York, sitting by designation
 
 
 [1]
 We express our appreciation to the Commission for having brought to our attention the considerations which justify publication of our opinion in the instant case. Particularly in view of the increasing frequency with which we follow our practice of disposing of appropriate cases from the bench, we welcome the views of counsel in the unusual situation where failure to publish our opinion may not be in the public interest. This is especially so where an administrative agency such as the SEC, which is charged by law with certain responsibilities under the federal securities laws and whose interpretation of its own rules and regulations is entitled to great deference by the courts, requests publication of an opinion by this Court. That is precisely the situation here